———o———

No. 3402.

(Court of Appeal, Parish of Orleans.)

FRANKFORESTER vs. FRANK CLESI.

1.  When both the husband and wife are parties plaintiff to the suit, and the claim sued on belongs to one or the other, the defendant is without interest to urge that the claim belongs to one of the spouses in particular, and that the suit should have been brought distinctively in the name of the owner of the claim.
2.  On the Merits, the case, which involves issues of fact only, is entirely with the plaintiffs; the verdict of the jury and the judgment of the Court based thereon are fully sustained by the evidence.

Appeal from Civil District Court, Division A.

J. B. Habans and Paul W. Maloney, Plaintiff and Appellee.

Ed. Lazier and G. Fernandez, Sr., Defendant and Appellant

MOORE, J.   From a judgment based on the verdict of a jury in a case sounding in damages the defendant appeals.

The Judgment is for six hundred dollars and the cause of the damages alleged to have been sustained is averred to be an assault

162

and battery committed by the defendant on the person of plaintiff's wife and the uttering against her, by said defendant, of "false, slanderous malicious and defamatory words" to wit that she was a "common whore and prostitute on the town and that she was keeping two men in the immediate neighborhood. "The suit was instituted on the 14th. Februrary 1903 in the husband's name, weereupon defendant interposed the exception thereto of no cause of action basing same on Act No. 68 of 1902 which took from the community damages resulting fron personal injuries to the wife and declared them to be and remain the separate property of the wife and recoverable by herself alone.

This exception was referred to the merits. Thereupon defendant filed his answer tendering the general issue and specially averring that Mrs. Forester provoked the difficulty and was in fault in bringing it on and that his acts were merely defensive or retaliatory in kind and that if he used the language stated it was used whilst under the influence of excitement.

Subsequently the wife of Forester, the plaintiff, duly authorized by him, intervened by leave of Court in the suit by uniting and joining the plaintiff; and. repeating and affirming the allegations of her husband's petition as her own, prayed for service and for judgment accordingly.

To this petition of intervention the defendant filed his plea of no cause of action, which being overruled, he filed his answer thereto simular in the terms to the answer filed to the husband's petition.

The amount of damages claimed was $1500.00; the jury as stated returning a verdict for $600.00.

In view of the fact that both the husband and wife are parties plaintiff to the suit and that the Judgment will constitute res-adjudicata as to both, no matter whether the claim sued on belongs to one of the spouses or to the other, we cannot see what concern defendant has whether the damages accrued before or after the passage of the act of 1902, supra.

As was said in Lewis vs Holmes 109 La. 1030, which was a case somewhat analagous to the instant cause: "When both the husband and wife are parties plaintiff to the suit, and the claim sued on belongs to one or the other, the defendant is without interest to urge that the claim belongs to one of the spouses in particular, and that the suit should have been brought distinctively in the name of the owner of the claim." The exceptions were therefore properly overruled.

On the merits the case is entirely with the plaintiff and every averment of plaintiff's petition is sustained by proof. As stated by our esteemed brother of the District Court, in his written reasons refusing a new trial: "This cause was tried by a jury of intelligent citizens, and they were closely attentive to all that occured at the

163

trial. It is true that there was conflicting testimony, as there always is, in cases of this nature. The jury were judges of credibility and of facts generally.

They were cautioned to consider all the evidence and to be governed by the weight thereof, and that the burden was on the plaintiff, and they found for the plaintiff. I heard the evidence, and I am not prepared to say that the jury erred. I charged the jury that if the plaintiff's wife (Intervenor) provoked the difficulty, or was in fault in bringing it on, so that there was reciprocal wrong and fault, and if defendant's acts were merely defensive, or retaliatory in kind, in the heat of the sudden broil, quarrel and fight, that the defendant could not be held liable. Defendant's counsel argued fully to the jury on this line, citing 28 An. 710 Vernon vs Banketon, 15 La. 681, 109 An. 667, 27 An. 199, Ency. of Law. 546, and I charged the jury fully, referring to the principles recognized in these cases, and to the rule laid down in Bigney vs Van Benthuysen, There was evidence on plaintiff's part to show that such was not the fact, i. e, several witness testified to the facts, and that it was not a case of reciprocal provocation, fault, and etc, and the Jury evidently believed them.

On review of the facts, as I recollect them, and I paid careful attention to the evidence. I am not prepared to overrule their finding on this point. The jury had on it some of our very best citizens, and as stated they were closely attentive.'.

Answering the Appeal, appellees pray increase of the amount allowed by the the Jury. A jury's estimate of the quantum of damages sustained is entitled to great weight and unless manifestly inadequate or excessive will not be disturbed.

The judgment appealed from is affirmed.

April 4th. 1904.

Rehearing refused April 18, 1904.